**EVERS et v WILLIAMS, Admr, et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4131. Decided July 29, 1932

Powel Crosley, Cincinnati, and Wm. C. Groh, Cincinnati, for plaintiffs in error.

A. L. Herrlinger, Cincinnati, Michael G. Heintz, Cincinnati, and Harry J. Wernke, Cincinnati, for defendants in error.

ROSS, PJ.

The Evers children had been permitted to collect the rents of the property devised

to their father, and to occupy without paying rent, and this is set up as the first defense in the second amended reply to the cross-petition of the administrator. The ignorance of the Administrator of the facts is a bar to this contention.

It is also asserted in the reply that the proceeding to construe the will and the partition proceeding render the claim of the Administrator res adjudicata.

The question presented by the present proceeding has not been heretofore adjudicated, and the doctrine of res adjudicata does not apply.

The bequest to Evers lapsed upon his death prior to that of the testator. This is a matter of law and was never passed upon before. The time of his death was a fact— never presented as far as the record shows to any court before. The doctrine of res adjudicata is well stated in 15 Ruling Case Law, page 949, §429:

"The doctrine of res adjudicata is a principle of universal jurisprudence forming part of the legal systems of all civilized nations. It may be said to inhere in them all as an obvious rule of expediency and justice. Briefly stated, this doctrine is that an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit. * * *"

No estoppel has been shown in the administrator, and the judgment is affirmed.

HAMILTON and CUSHING, JJ, concur.