JAMES PESCE *vs.* JULIUS BRECHER.

Suffolk.    October 4, 1938. — January 31, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Res Judicata.*

A judgment for the plaintiff in an action of tort for property damage sustained in a collision of a motor truck of the defendant operated by his employee and an automobile operated by the plaintiff and found to have been caused by negligence of the employee did not bar on the ground of *res judicata* a later action by the employee against the plaintiff in the former action for personal injuries sustained in the same collision and alleged by the employee to have been caused by negligence of that plaintiff, although the employee testified at the trial of the former action.

TORT. Writ in the Municipal Court of the City of Boston dated May 1, 1937.

On removal to the Superior Court, *Burns*, J., ordered judgment for the defendant. The plaintiff appealed.

*T. B. Shea*, for the plaintiff.

*S. H. Rogers*, for the defendant.

QUA, J. This is an action for personal injuries resulting from a collision between a motor truck driven by the plaintiff and an automobile driven by the defendant.

An auditor to whom this action was referred reported that in a former action for property damage caused by the

same accident, brought against the employer of the present plaintiff by the present defendant, after a finding by the trial judge that the present plaintiff was negligent, judgment was entered against his employer. The auditor further found, contrary to the finding in the former action, that the present plaintiff was not negligent and made other findings favorable to recovery by the present plaintiff. ·Thereafter the parties to this action stipulated in substance that if upon the facts found by the auditor the former judgment was a defence, judgment should be entered for the defendant in this action, but if on the facts found by the auditor the former judgment was not a defence, judgment should be entered for the plaintiff in this action in the amount found by the auditor with costs. The trial judge in this action ordered judgment for the defendant, and the plaintiff appeals from the order.

By reason of the stipulation the findings of the auditor as to the former action became a "case stated," and this action is properly here by appeal. ·G. L. (Ter. Ed.) c. 231, § 96. *Goewey* v. *Sanborn*, 277 Mass. 168, 170. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. *Vigneault* v. *Dr. Hewson Dental Co.* 300 Mass. 223. Compare *Pheeney* v. *Malden Coal Co.* 300 Mass. 60.

The former adjudication was not a defence to this action. It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights or to defend against their infringement. The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is and always has been his own. It is in no way derived from his employer, who was a party. The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He could not cross-examine opposing witnesses. The essential elements of an estoppel by judgment are lacking. *Burlen* v. *Shannon*, 3 Gray, 387, 389, 390.

*Bartlett* v. *Boston Gas Light Co.* 122 Mass. 209, 216. *Sturbridge* v. *Franklin*, 160 Mass. 149, 151. *Butrick, petitioner,* 185 Mass. 107, 114. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 569, 570. *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 298.

This case is readily distinguished from *Giedrewicz* v. *Donovan*, 277 Mass. 563. There the plaintiff had already had a complete trial of his own case under his own management and sought a second opportunity to prove the same facts which he had failed to prove the first time. Here the plaintiff had no previous opportunity to prove his case. Compare *Tighe* v. *Skillings*, 297 Mass. 504; *McAlevey* v. *Litch*, 234 Mass. 440.

The order appealed from is reversed, and judgment is to be entered for the plaintiff in the amount found by the auditor with costs.

*So ordered.*