BROWN, APPELLANT, *v.* THE WHEELING & LAKE ERIE RD. CO., APPELLEE.

(No. 508—Decided June 18, 1945.)

*Mr. Earl S. Miller,* for appellant.
*Messrs. Young & Young,* for appellee.

Conn, J. This cause is here on an appeal on questions of law from a judgment of the Court of Common Pleas of Huron county.

The plaintiff brought an action against The Wheeling & Lake Erie Railroad Company, to recover damages for personal injuries resulting from the alleged negligence of the defendant. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition that the defendant, on November 13, 1943, and for many years prior thereto, maintained gates and a watchman at the grade crossing of its tracks on Benedict avenue in the city of Norwalk; that the gates were erect and open when the defendant was not using the grade crossing and were closed when defendant was about to use or was using the same; that the crossing was in the trough of a depression from which such street rose in either direction; and that on the south side of the tracks on Benedict avenue buildings on either side of the street were built closely to the street and tracks.

It was further alleged that on such date, at about four o'clock a. m., plaintiff was operating a truck as an employee of the Hollywood Cartage Company and was approaching the grade crossing from the south; that as he approached the tracks of defendant he retarded his speed and, observing that the gates were open, proceeded across the tracks of defendant; that, while he was passing over the crossing, the gates were lowered and a westbound train of defendant collided with the motor truck operated by plaintiff, whereby he sustained personal injuries; that defendant was negligent in the several particulars alleged; and that such negligence was the proximate cause of plaintiff's injuries.

The defendant in its answer denied it was negligent and averred that the injuries sustained by plaintiff were caused by his own negligence.

When the case came on for trial, defendant obtained leave to file a supplement to its answer, alleging that on February 21, 1945, in cause No. 19886 in the Common Pleas Court of Huron county, entitled *Louis A. Haas* v. *Hollywood Cartage Co.*, a special finding of fact was returned by the jury that such cartage company was guilty of negligence at the time and place alleged in plaintiff's petition in such cause, and "that said negligence consists of the acts and conduct of the plaintiff in this cause whereby this action is barred."

The parties waived trial by jury and submitted the cause to the court on the plea in bar which was sustained, and plaintiff's petition was dismissed.

As appears by the judgment entry, it was stipulated, among other things, that the plaintiff was in sole charge of and was operating the motor truck of the Hollywood Cartage Company, at the time of the collision; that Louis A. Haas, plaintiff in the above-mentioned action against the Hollywood Cartage Company, at such time was in charge of the gates at the grade crossing, acting within the scope of his employment; and that he alleged in his petition that such collision was caused by the negligent operation of the motor transportation outfit in charge of Loyie H. Brown, the plaintiff in this action.

It was also stipulated that the Hollywood Cartage Company, in its answer in the action brought against it, alleged that whatever injuries Louis A. Haas received were directly and proximately caused by his negligence in failing to ring the bell at the grade crossing and in failing to close the gates or give any notice or warning of the approaching train until it was too late to prevent a collision; that a general verdict was returned for defendant in such action, with a special

finding of the jury that the Hollywood Cartage Company was negligent in the operation of its motor vehicle at the time of the collision. It was also stipulated that no motion for a new trial was filed by the cartage company.

Plaintiff predicated his appeal originally on two assignments of error, but subsequently filed a supplemental brief and specified a third assignment that "the judgment pleaded in bar was not in fact a judgment."

In the brief of plaintiff it is pointed out that, at the time the plea in bar was filed and sustained, the judgment had been suspended by the filing and pendency of a motion for a new trial. However, nothing appears in the record supporting the claim of plaintiff in this regard, and the merits of the issue presented in the third assignment can not be considered.

The determinative issue presented here is raised on the second assignment of error. Did the trial court err in sustaining defendant's plea in bar and rendering final judgment in its favor? In other words, was the special finding of the jury that the Hollywood Cartage Company was negligent in the operation of its motor vehicle at the time of the collision conclusive on the plaintiff in the instant case?

The doctrine that the final adjudication of a cause of action by a court of competent jurisdiction is conclusive on the parties and their privies is inherent in our jurisprudence. This doctrine rests on the ground that, where a party, or one in privity with him, has litigated or has had the opportunity to litigate a demand or cause of action in a court having jurisdiction, he is not permitted to relitigate the same matter. 23 Ohio Jurisprudence, 962, Section 731; 30 American Jurisprudence, 910, Section 165; *Vasu* v. *Kohlers, Inc.,* 145 Ohio St., 321, 61 N. E. (2d), 707; *Evers* v. *Williams, Admr.,* 43 Ohio App., 555, 184 N. E., 19.

Furthermore, where an issue of fact has been de-

termined in an action, the parties are precluded from relitigating such particular factual issue in a subsequent action, being estopped by the verdict or finding of fact. 23 Ohio Jurisprudence, 966, Section 733.

In other words, the doctrine of *res judicata* and of estoppel by judgment or verdict are each founded on the principle that a litigant against whom a defense based on such a doctrine is raised, who has litigated or has had the opportunity to litigate the same matter in a former action in a court of competent jurisdiction, is precluded or estopped-thereby.

Such rule of practice and procedure is well settled in this state and prevails generally. 30 American Jurisprudence, 908, Section 161 *et seq.*; 34 Corpus Juris, 742, Section 1154, *et seq.*

As illustrative of the practice and procedure outside Ohio, we cite the case of *Pesce v. Brecher,* 302 Mass., 211, 19 N. E. (2d), 36, where the facts were very much like those in the instant case and where the court held that the judgment in the former action was not a defense.

We quote the syllabus as follows:

"A judgment for the plaintiff in an action of tort for property damage sustained in a collision of a motor truck of the defendant operated by his employee and an automobile operated by the plaintiff and found to have been caused by negligence of the employee did not bar on the ground of *res judicata* a later action by the employee against the plaintiff in the former action for personal injuries sustained in the same collision and alleged by the employee to have been caused by negligence of that plaintiff, although the employee testified at the trial of the former action."

That case was cited and followed in *Dicarlo v. Scoglio* and *Totaro v. Scoglio,* 317 Mass., 773, 60 N. E. (2d), 762, decided on February 26, 1945.

On the record before us, we do not have a situation

where an issue between the same parties or their privies has been determined by a court having jurisdiction and where the well-known rule prevails that the judgment rendered is conclusive as to what was determined as well as to every other issue which could have been properly litigated in the same case. 23 Ohio Jurisprudence, 961, Section 730; *Norwood* v. *McDonald et al., Admrs.,* 142 Ohio St., 299, 52 N. E. (2d), 67; *Wright, Admr.,* v. *Schick,* 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882; *Conold* v. *Stern,* 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003; *Quinn, Aud.,* v. *State, ex rel. Leroy,* 118 Ohio St., 48, 160 N. E., 453.

Plaintiff was not a party to the former action and if, by reason of his relation to the defendant therein, it could be said that the special verdict rendered in that case in some measure precluded him, it affirmatively appears that he had no opportunity in the instant case to litigate the issue of defendant's negligence or the issue of the proximate cause of his injuries and consequent damages.

Since the issues raised on the pleadings were not and could not be adjudicated in the former action, it follows that neither the doctrine of *res judicata* nor estoppel by verdict or judgment may be applied herein, and the judgment of the trial court is reversed and the cause remanded thereto for further proceedings.

*Judgment reversed and cause remanded.*

Carpenter and Stuart, JJ., concur.