HOLLYWOOD CARTAGE CO., INC., APPELLANT, *v.* THE WHEELING & LAKE ERIE RY. CO., APPELLEE.

(No. 565—Decided October 25, 1948.)

*Messrs. Miller & Miller,* for appellant.
*Messrs. Young & Young,* for appellee.

CARPENTER, J. The judgment from which this appeal on questions of law was taken resulted when the court sustained a plea in bar to the plaintiff's petition and dismissed it. This action by the court is assigned as error.

The plaintiff, by its petition, sought damages for the destruction of its freight tractor and trailer when they were hit by defendant's locomotive on the Benedict avenue grade crossing in Norwalk. It was alleged that the collision was caused by the negligence of the defendant.

For its third defense in its answer, the defendant alleged that, in another action wherein one Lewis A. Haas was plaintiff, plaintiff herein was defendant and Haas sought damages "arising from the same collision and constituting the same subject matter as that involved in this action, [which action] was duly tried to a jury in this court; * * * said Hollywood Cartage Company * * * appeared and defended therein and that a special finding of fact was entered by the jury in said cause that Loyie H. Brown, the agent and employee of the plaintiff in the operation of its motor transportation company, was guilty of negligence at the time and place alleged in plaintiff's petition herein * * * which was the proximate cause of the collision between the defendant's train and plaintiff's motor transportation outfit."

Although no reply was filed to this defense, the fact issue thus presented was tried to the court as though a general denial had been entered. A bill of exceptions in that trial is presented in this appeal. The

only evidence it contains is a complete record of the pleadings, motions and journal entries in the *Haas case*.

From that record it appears that Lewis A. Haas was the gate tender of the railroad company and was injured in the collision of this plaintiff's truck with defendant's train, and his action, based on alleged negligence of the defendant, was for the damages he thus sustained. The answer was a general denial and an allegation of contributory negligence.

That record discloses also that the finding of the jury referred to in this defendant's answer was as follows:

"1. Was the defendant negligent in the operation of its motor vehicle at the time of the collision? Answer. Yes."

That was the only interrogatory submitted to that jury. The only other finding it made was a general verdict for the defendant, the cartage company, on which a judgment for it was entered. No judgment was or could be entered on that special finding.

In another action by the driver of this plaintiff's truck against this defendant for damages resulting from the personal injuries he sustained in that collision, this same finding was alleged as a plea in bar and was allowed by the trial court. In *Brown* v. *Wheeling & Lake Erie Rd. Co.*, 77 Ohio App., 149, 65 N. E. (2d), 912, that judgment was reversed by this court for the reason that the parties and the issues were not the same.

The principles of *res judicata* and estoppel by judgment were discussed in *Norwood* v. *McDonald et al., Admrs.*, 142 Ohio St., 299, 52 N. E. (2d), 67. The features in interest here were summarized in paragraphs one and two of the syllabus in that case as follows:

"A final judgment or decree rendered upon the mer-

its, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.

"A judgment or decree in a former action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter."

Another way of expressing the specific proposition of law applicable herein is as stated in 50 Corpus Juris Secundum, 204, Section 720:

"A judgment in one action cannot be conclusive of issues in another action where there is diversity of parties, and, in addition to, or because of, such diversity, there is also diversity of issues."

Under those principles, the judgment in this case must be reversed for two reasons:

1. As in the *Brown case*, the "questions and facts in issue" and "the causes of action" in the two actions are different. In the *Haas case*, the issue was damages for his personal injuries and the railroad company was not a party or a privy therein. Here, the issue is the cartage company's damages to its property, caused, as it contends, by the railroad company, and Haas is not a party or in any way privy to this matter.

2. Although the answer to the interrogatory was that the cartage company was negligent, that jury did not say that that negligence was the proximate cause of the collision and of Haas' damages. The defendant seems to have recognized the importance of this, for in its plea in bar, as above quoted, it alleges that the negligence found "was the proximate cause of the collision." That record does not sustain this.

The jury was not asked by interrogatory to find on that essential question. By its general verdict for the cartage company, the jury may have found that that negligence was not the proximate cause of Haas' damages, or that his own negligence proximately contributed to his injuries. As that record stands, there is no way to know the jury's mind on that question, without which the finding of negligence was of no consequence in that lawsuit nor is it in this.

In this connection it may be of interest to note that the submission of that lone interrogatory was error. In the recent case of *Anderson, Admx., v. S. E. Johnson Co.*, 150 Ohio St., 169, 173, 80 N. E. (2d), 757, it was established in the opinion by Chief Justice Weygandt that unless the answers to interrogatories will furnish a legal test of a general verdict, they are not pertinent and the interrogatories should not be imposed upon the jury. This proposition is carried into paragraph two of the syllabus.

For these reasons, the judgment is reversed and the cause is remanded to the trial court with directions to overrule the plea in bar and for further proceedings.

*Judgment reversed.*

Conn and Fess, JJ., concur.