Ursula **MAKARIW**, Administratrix of the Estate of Eugen Makariw,. Deceased, Appellant,

v.

Ronald C. **RINARD.**

No. 14695.

United States Court of Appeals Third Circuit.

Argued April 7, 1964.

Decided Aug. 28, 1964.

Robert J. Scallan, Chester, Pa. (Smith & Scallan, Chester, Pa., on the brief), for appellant.

Peter P. Liebert, 3rd, Philadelphia, Pa. (John J. McDevitt, 3rd, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

The District Court granted the defendant's motion to dismiss the plaintiff's action, under the Pennsylvania Wrongful Death and Survival Acts, on the ground that the doctrine of res adjudicata and collateral estoppel barred any recovery because the defendant had in a prior action, arising out of the same accident, recovered against the decedent's employer on the jury's finding that the decedent had been guilty of negligence.

The issue presented is whether a judgment in an earlier action to which neither

the plaintiff nor her decedent was a party may be a bar to the plaintiff's action.

The facts may be stated as follows:

In April, 1959, the defendant Rinard purchased a Volkswagen sedan from YB H Sales and Service, Inc. ("YBH"). Under the terms of the purchase agreement he was entitled to service for a limited time. On June 1, 1959, the defendant delivered the car to YBH for a check-up and was requested to accompany Eugen Makariw, the plaintiff's decedent, then a mechanic employed by YBH, on a road test. While the defendant was in the driver's seat and Makariw was alongside him the car struck a "pothole" or a "wash-out" in the road, then skidded into another car and an embankment. Makariw was killed and the defendant was injured. He sued YBH contending that Makariw's negligence caused the accident, and recovered a verdict which was subsequently upheld by this court. Rinard v. YBH Sales and Service Co., 3 Cir., 328 F.2d 959 (1964).

The plaintiff brought this action in May, 1960. The defendant's suit against YBH came to trial in November, 1962. The District Court granted the motion to dismiss the plaintiff's action in October, 1963.[1]

This is a diversity action and Pennsylvania law applies.

■ The precise issue, as to whether an employee (or his representative) is barred, by a jury's verdict in an action against his employer which is premised on his alleged negligence, from seeking redress from the plaintiff in such action for injuries arising out of the same accident, is one of first impression in Pennsylvania. We are required to consider such approach to the problem as may be indicated by the Pennsylvania cases in the general field and to resort to general applicable principles to reach a conclusion consistent with Pennsylvania law.[2]

The legal principle applied by the District Court was that of "collateral estoppel." The Pennsylvania Supreme Court has described that doctrine in the same terms used by Restatement of Judgments, § 68:

"Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive *between the parties* in a subsequent action on a different cause of action." (Emphasis supplied.) Thal v. Krawitz, 365 Pa. 110, 112, 73 A.2d 376, 377 (1950).

In Larsen v. Larsen, 392 Pa. 609, 612, 141 A.2d 353 (1958) the Court further stated that where:

"[P]arties to an action have had *an opportunity to appear and be heard* in a prior proceeding involving the same subject matter, all issues of fact which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties even though the causes of action in the two proceedings are not identical." (Emphasis supplied.)

To the same effect see, Pilgrim Food Products Company v. Filler Products, Inc., 393 Pa. 418, 143 A.2d 47 (1958).

■■ The doctrine of collateral estoppel is essentially the same as that of "res adjudicata", except that there need not be an identity of causes of action so long as the party foreclosed has had an opportunity to litigate the particular issue in a prior action. See Thal v. Krawitz, supra. It partakes of two counter policies in regard to litigation: (1) that the relitigation of legal issues should be brought to an end; (2) that a party should have the right to appear at least once in order that he may assert his legal rights, i. e., that he may have his "day in court." See Helmig v. Rockwell Mfg.

---

1. The Opinion of the District Court is reported at 222 F.Supp. 336 (1963).

2. See Gullborg v. Rizzo, 331 F.2d 557 (3 Cir. 1964); Gerr v. Emrick, 283 F.2d

293, 294 (3 Cir. 1960), cert. den. Pennsylvania Turnpike Commission v. Gerr, 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961).

Co., 389 Pa. 21, 131 A.2d 622 (1957), cert. den. 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44, reh. den. 355 U.S. 885, 78 S.Ct. 146, 2 L.Ed.2d 115; Goldstein v. Ahrens, 379 Pa. 330, 108 A.2d 693 (1954); Slater v. Slater, 372 Pa. 519, 94 A.2d 750 (1953). There is no justification for concluding that either policy is to be read as outweighing the other.

The court below reasoned that where an employer-employee relationship exists, and a tort action is brought against the employer arising out of the alleged wrongdoing of the employee, that "the issues judicially determined * * * bind the employee who is in *privity* with his employer," citing as authority Moore v. Deal and Lucas, 203 F.Supp. 66 (E.D. Pa.1962), and Waynik v. Suhyda, 22 Pa. Dist. & Co. R. 2d 208 (Cambria County 1960).

The cases cited by the District Court are inapposite on their facts—in each, unlike the instant case, the party foreclosed had litigated the critical issue in a prior action.

In Moore v. Deal and Lucas, supra, the plaintiff had been joined by the defendant Deal as a third-party defendant in an action brought by a passenger in Moore's car and the jury in that suit had found that the plaintiff's negligence was the proximate cause of the accident. In Waynik v. Suhyda, supra, the plaintiff, a passenger in an automobile owned by one Suhyda and operated by Alexander Waynik, had been injured when the vehicle collided with a tractor-trailer owned by one Blanchard. The plaintiff first sued Blanchard and the latter joined as a third-party defendant the executor of Alexander Waynik's estate. The suit was settled and dismissed with prejudice and thereafter the plaintiff sued the executor and Suhyda. The second suit was dismissed on the ground that the plaintiff and the executor had been parties to the first suit.

The general rule applicable here is stated in Restatement, Judgments, § 96(1) (2):

"Where two persons are both responsible for a tortious act, but one of them, the indemnitee, if required to pay damages for the tort, would be entitled to indemnity from the other [and] * * * if the injured person brings an action against the indemnitee, the judgment binds neither the plaintiff nor the indemnitor."

Underlying this rule, which pertains especially to the Master-servant situation [3] (obtaining in the instant case), is the principle that:

"A person who is not a party to an action, who is not represented in it and who does not participate in it, is entitled to an opportunity to litigate his rights and liabilities." Restatement of Judgments, § 96, comment (j) [4]

In a situation analogous to that existing here, the Massachusetts Supreme Judicial Court in Pesce v. Brecher, 302 Mass. 211, 19 N.E.2d 36 (1939), said at 19 N.E.2d 36, 37:

"The former adjudication was not a defence to this action. It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights or to defend against their infringement. *The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is and always has been his own. It is in no way derived from his employer, who was a party.* The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation. That the plaintiff tes-

3. See Restatement of Judgments, § 96, comment (b).

4. Leading text writers are in accord with the Restatement. See Mechem, Outlines of the Law of Agency (4th Ed. 1952), § 406, at 275; 1 Freeman on Judgments (5th Ed. 1925), § 469, at 1029.

**336**

tified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He could not cross-examine opposing witnesses. The essential elements of an estoppel by judgment are lacking." (Emphasis supplied.)

In Rice v. Ringsby Truck Lines, 302 F.2d 550, p. 552 (7 Cir. 1962) where a similar situation prevailed, it was said:

> "Rice [the employee] has not had his day in court by reason of the Rock Island litigation. *He was not a party to that suit. He had no voice in the conduct of that suit. He had no right to examine witnesses or to take other action in order to protect his interests.* It is no answer to say that he might have petitioned to intervene in that suit. He already had his own suit pending—indeed, he had been through one trial." (Emphasis supplied.)

To the same effect see, Schimke v. Earley, 173 Ohio St. 521, 184 N.E.2d 209 (1962) (concurring opinion); Brown v. Wheeling & L. E. R. Co., 77 Ohio App. 149, 65 N.E.2d 912 (1945); Elder v. New York & Pennsylvania Motor Express, Inc., 284 N.Y. 350, 31 N.E.2d 188, 133 A.L.R. 176 (1940) (dictum).

■■ The decisional law and the Restatement are in accord that an employee who has not been a party to a suit brought against his employer, is not bound by a final determination in such a suit, although the cause of action arises out of the employee's alleged negligence, because he has not had "his day in court."[5] The general policy underlying collateral estoppel and res adjudicata in Pennsylvania, earlier stated, squares with this rationale and we are of the opinion that the Pennsylvania Supreme Court would follow the Restatement.

5. It is settled in Pennsylvania that an employer or an employee is not bound by an adverse judicial determination, against the other, where both separately sue the same tortfeasor for the same wrong. See Woodburn v. Pennsylvania Railroad Co., 294 Pa. 174, 144 A. 93 (1928)

■ In the instant case neither the plaintiff nor her decedent were parties to the action brought against the decedent's employer. She has not had her day in court on the critical issues which premise her suit, and therefore, it was error to dismiss her action before its merits were litigated.

For the reasons stated the Judgment of the District Court dismissing the plaintiff's action will be reversed and the cause remanded for further proceedings in accordance with this Opinion.

(employee not foreclosed by determination against employer); Philadelphia Auburn-Cord Company v. Shockcor, 133 Pa. Super. 138, 2 A.2d 501 (1938) (company not bound by adverse determination in suit by its president).