JACK FRANKLIN ADAMS *v.* CHARLES T. WOODFIN, ADM'R, ET AL

5-4316                                     419 S. W. 2d 796

Opinion delivered October 30, 1967

*E. J. Butler, Phil Hicky,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellees.

LYLE BROWN, Justice. Appellant Adams by this appeal seeks to establish his right to prosecute a suit for personal injuries against the administrator and the personal representative of the estate of William Floyd

Turnage, deceased. The trial court dismissed Adams' complaint on the ground that prior litigation had adjudicated the same issues of negligence. In that litigation the appellees here were the plaintiffs and the only defendant was Adams' employer. Adams was a witness and that trial resulted in a finding that Adams' negligent operation of his employer's truck caused the collision. Is Adams estopped by the final judgment in the prior suit from pursuing his personal injury case?

In February 1963, Jack Franklin Adams, an employee of East Texas Motor Freight Lines, Inc., was involved in a collision with a passenger car driven by Robert Martin Turnage. Adams claims to have received serious injuries. Turnage was fatally injured. The Turnage Estate filed suit against ETMF in a federal district court in Tennessee. The suit was grounded solely on the alleged negligence of Adams, the driver for ETMF. Adams was not a party to that action. He testified as a witness on behalf of his employer. Judgment was awarded the Turnage Estate.

Jack Franklin Adams subsequently filed his own suit for personal injuries against the Turnage Estate. The suit was filed in St. Francis County, Arkansas, the situs of the collision. The trial court sustained a motion to dismiss Adams' suit on the ground that Adams' negligence had been adjudicated in the federal court proceedings in Tennessee. Adams appeals from that order of dismissal.

Adams contends that his cause of action is his own, that it is in no manner derived from his employer, and that he is entitled to his day in court. The Turnage Estate does not rely on res judicata in its strict sense because the parties are not the same in the two cases. However, appellees contend ETMF and Adams were so connected in interest in the Tennessee litigation that the Turnage Estate may avail itself of the Tennessee judgment as res judicata in the St. Francis County suit. The Estate points to the employer-employee relationship

and to the fact that ETMF's liability was predicated solely on a finding of negligence against Adams. This defense is often referred to as "estoppel by judgment."

We have not been cited an Arkansas case in which the precise facts have been before this court. However, there have been so many cases in other jurisdictions that the law is well settled. A case precisely in point comes from Massachusetts and has been cited with approval by other forums. *Pesce* v. *Brecher,* 19 N. E. 2d 36 (1939). Pesce sued Brecher for personal injuries. In a former action, Pesce's employer had sued Brecher for property damage caused by the same accident. Pesce, the driver, testified in that case. Judgment was rendered against Pesce's employer. In the second action, *Pesce* v. *Brecher,* the defendant pleaded the first judgment in estoppel. In rejecting the motion to dismiss, the court said:

"The former adjudication was not a defense to this action. It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights or to defend against their infringement. The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is, and always has been, his own. It is in no way derived from his employer, who was a party. The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He could not cross-examine opposing witnesses. The essential elements of an estoppel by judgment are lacking."

Of the same accord are such cases and authorities as *Makariw* v. *Rinard,* 336 F. 2d 333 (1964); *Dave Rice* v. *Ringsby Truck Lines et al,* 302 F. 2d 550 (1962);

*Brown* v. *Wheeling & L. E. R. Co.*, 65 N. E. 2d 912 (1945); Restatement, Judgments, § 96 (1) (2); 1 Freeman on Judgments (5th Ed. 1925) § 469 at p. 1029.

We hold that the Tennessee adjudication does not preclude Adams from maintaining his St. Francis County action.

Reversed and remanded.