Lloyd C. **HAYLES**, Plaintiff-Appellant,

v.

**RANDALL MOTOR COMPANY**, Inc., Defendant-Appellee.

No. 684–70.

United States Court of Appeals, Tenth Circuit.

Dec. 21, 1971.

As Amended on Rehearing March 29, 1972.

---

John B. Ogden, Oklahoma City, Okl., for plaintiff-appellant.

Elliott C. Fenton, Oklahoma City, Okl. (Leroy J. Patton and Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., on the brief), for defendant-appellee.

Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 12, 1970, Hayles brought a diversity action in the United States District Court for the Western District of Oklahoma, numbered 70–403 on the docket of that court, against Randall Motor Company, Inc.,[1] to recover damages for personal injuries sustained in a four-truck highway accident which occurred on Interstate Highway 35 in Oklahoma. From an order sustaining a motion by Randall Company to dismiss the action, Hayles has appealed.

The owners and drivers of the four trucks involved in the accident were as follows:

Truck No. 1, a tow truck owned by Randall Company and driven and operated by its employee, Cecil R. Williams;

Truck No. 2, a truck loaded with hay, owned by Pete Sanders and driven by his employee, Hayles;

Truck No. 3, a grain truck owned by B. P. Lytal and driven by his employee, John E. Williams;

Truck No. 4, a truck owned by Bond Baking Company,[2] an unincorporated division of General Host Corporation, and driven by Bond Company's employee, James L. Miller.

On November 12, 1968, Truck No. 2, owned by Sanders and driven by Hayles, became inoperative on Interstate Highway 35 about 2.5 miles southwest of Tonkawa, Oklahoma. A highway patrolman came to the scene of the accident and telephoned for a tow truck. In response to such call, Randall Company sent its tow truck to the scene. The Sanders truck was attached to the tow truck. Hayles stationed himself in the cab of the Sanders truck to steer it while it was being towed.

1. Hereinafter called Randall Company.

2. Hereinafter called Bond Company.

The Randall Company tow truck and the Sanders truck, under tow, both entered the highway. Shortly thereafter, the front end of Truck No. 3, owned by Lytal and driven by John E. Williams, collided with the rear end of Truck No. 2, owned by Sanders and being driven by Hayles; and the front end of Truck No. 4, owned by Bond Company and being driven by Miller, collided with the rear end of Truck No. 3.

In his complaint in No. 70–403, Hayles alleged that he incurred personal injuries in the four-truck accident above referred to, and that such "accident was caused by the joint and concurring negligence of * * * Randall Motor Company, Inc., acting by and through their agents, servants and employees," and Lytal.

Hayles further alleged that Randall Company was negligent in attempting to move Truck No. 2, the Sanders truck, with an inadequate and improper wrecker or tower, and alleged that Lytal was negligent through his driver, agent, servant, and employee by reason of driving his truck at a dangerous rate of speed under the existing conditions and circumstances, failing to keep a proper lookout ahead, and failing to keep his truck under proper control, so as to be able to stop the truck within the assured clear distance ahead.

On September 12, 1969, Miller filed an action in the United States District Court for the Western District of Oklahoma, numbered 69–410 on the docket of such court, against Sanders, Randall Company, and Lytal, the owners of Trucks No. 2, No. 1, and No. 3, respectively, to recover damages for personal injuries.

In his complaint, Miller alleged that such injuries resulted from the four-truck accident of November 12, 1968, referred to above, and that the accident was caused by the joint and concurring negligence of Randall Company, Sanders, and Lytal, acting by and through their respective agents, servants, and employees, and that "as a result of the joint and concurring acts of negligence of the defendants herein," he suffered injuries for which he sought damages alleged with particularity in his complaint.

On March 25, 1970, Liberty Mutual Insurance Company[3] filed a plaintiff's petition in intervention in the Miller action (No. 69–410). In its complaint, Liberty Mutual adopted all the allegations of Miller's complaint, and further alleged that it was obligated to pay stated amounts of the $172,000 damages suffered by Miller by reason of a workmen's compensation insurance policy issued under the laws of Kansas to Bond Company, Miller's employer. It sought to recover such stated amounts from Sanders, Randall Company, and Lytal.

A cross-complaint was filed by Lytal on December 30, 1969, captioned as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF OKLAHOMA

JAMES L. MILLER,
　　　　　　　Plaintiff,
vs.

PETE SANDERS, RANDALL MOTOR COMPANY, INC., and B. P. LYTAL,
　　　　　　　Defendants.

No. CIV–69–410

BOND BAKING COMPANY, an unincorporated division of General Host Corporation, a corporation,
　　　　　　　Plaintiff,
vs.

B. P. LYTAL, PETE SANDERS and RANDALL MOTOR COMPANY, INC.,
　　　　　　　Defendants.

No. CIV–69–498

Lytal filed his cross-complaint in both cases.

A cross-complaint, bearing the same caption as the one filed by Lytal, was filed by Sanders in cases No. 69–410 and No. 69–498 on March 13, 1970.

In his cross-complaint against Sanders, Bond Company, and Randall Company, Lytal sought to recover damages to his trailer and to his White tractor, and

other damages incidental thereto, which he alleged with requisite particularity. He further alleged that such damages resulted from a collision between the tractor and the Sanders truck and a collision between the front end of the Bond Company truck and the rear end of his trailer; that such collision occurred on November 12, 1968, and that such damages were caused by the negligence of Sanders, Randall Company, and Bond Company, acting by and through their agents, the drivers of their respective trucks.

In his cross-complaint against Miller, Bond Company, and Randall Company, Sanders sought to recover damages for the loss of his load of hay, the cost of repairing his damaged truck, and the loss of use of his truck during the period it took to make the repairs, all of which he alleged occurred as the result of the accident and were caused by the combining and concurring negligence of Miller, John E. Williams, and Cecil R. Williams.

The only other facts in addition to those above stated, with respect to case No. 69–498, that are disclosed by the record, are these: The judgment bears the same caption as the cross-complaint of Lytal and Sanders, except there is added thereto "Liberty Mutual Insurance Company, Intervening Plaintiff," and such judgment recites that on April 2, 1970, the "plaintiffs and intervening plaintiff being present in person and by their attorneys" and the named defendants being present and by their respective attorneys, and "all parties having presented all their evidence, and having rested, the cause was submitted to the jury," and the jury "returned the following verdicts":

" 'We, the jury, find for both plaintiffs and against Pete Sanders and Randall Motor Company, Inc., and fix the amount of recovery of James L. Miller at $15,000.00 and the amount of recovery of Bond Baking Company, at $8,347.64.

" 'We, the jury, find for the defendant, B. P. Lytal, and against Pete Sanders and Randall Motor Company, Inc., and fix the amount of recovery at $19,192.95.

" 'We, the jury, find against the plaintiffs, James L. Miller and Bond Baking Company, and in favor of the defendant, B. P. Lytal, on the complaints of plaintiffs, and in favor of the plaintiffs, James L. Miller and Bond Baking Company, and against the defendant, B. P. Lytal, on his cross complaint, so that neither of these parties may recover as against the other herein.' "

On such verdicts, the court entered judgment as follows:

" * * * that plaintiff, James L. Miller have judgment against defendants, Pete Sanders and Randall Motor Company, Inc., in the sum of $9,430.79, * * *.

" * * * that the intervening plaintiff, Liberty Mutual Insurance Company, have judgment against the defendant, Pete Sanders and Randall Motor Company, Inc., in the sum of $4,569.21, * * *.

" * * * that plaintiff, Bond Baking Company, have judgment against defendants, Pete Sanders and Randall Motor Company, Inc., in the sum of $8,347.64 * * *.

" * * * that the defendant, B. P. Lytal, have judgment upon his cross complaint against the defendants, Pete Sanders and Randall Motor Company, Inc., in the sum of $19,192.95, * * *.

" * * * that the defendant, B. P. Lytal, have judgment against the plaintiffs, that plaintiffs take nothing as against the defendant, B. P. Lytal, on their complaints, and that plaintiffs have judgment against B. P. Lytal that he take nothing as against them on his cross complaint."

Randall Company attached to its motion to dismiss, and by reference made them part of such motion, certified copies of the complaint in Miller's action against Sanders, Randall Company, and Lytal; the complaint of intervention

filed in Miller's action by Liberty Mutual; the cross-complaints filed in such action by Sanders and Lytal, and also the journal entry of judgment in the consolidated cases.

The motion to dismiss filed by Randall Company was based on the following premises:

(1) That in the Miller action it was adjudged that at the time of the accident Hayles was the driver of the Sanders Truck, acting as the employee and servant of Sanders, and that as such servant Hayles was guilty of negligence, which concurred with the negligence of Cecil Williams, as the driver of the Randall Company truck, and caused the injuries to Miller;

(2) That Sanders was liable for the negligence of Hayles, solely under the doctrine of respondeat superior; and

(3) That Hayles was concluded by the adjudication in the Miller action that he was guilty of concurring negligence, which contributed to the injuries suffered by Miller.

Hayles contends he was not so bound, because he did not have notice of the Miller action and had no opportunity to appear in that action and litigate the issue of his alleged negligence.

At the time of the accident and of the filing, trial, and disposition of the Miller action, Hayles was a resident of Paris, Texas. The accident occurred in Oklahoma and the Miller action was filed in the United States District Court for the Western District of Oklahoma, and it was tried and judgment entered in that court.

There is nothing in the record on the appeal in the instant case that shows that Hayles had any notice or knowledge of the Miller action prior to the time the judgment therein became final. There is a statement in his brief that Randall Company took his deposition in the Miller case, but the brief further states that Hayles had no notice of the Miller suit; that he was not furnished with a copy of the complaint; and that when his deposition was taken, the pendency of the Miller action was not explained to him.

Estoppel by adjudication is an affirmative defense, which the party asserting it must plead and prove,[4] unless it appears affirmatively from the pleadings of the party against whom it is asserted.

It should be kept in mind that we are here concerned with the doctrine of estoppel by adjudication, or collateral estoppel, in master and servant cases, where the master is liable for the negligence of his servant committed in the course of his employment, solely under the doctrine of respondeat superior, and the servant is primarily liable to the person injured by such negligence.

It is elemental in our system of jurisprudence that a person is entitled to his day in court once, either to assert his claim or defend an alleged wrongful commission or omission by him.

When, in a pending action brought to recover for the negligence of a servant while acting within the scope of his employment for which the servant is liable and his master is also liable under the doctrine of respondeat superior, a plea of estoppel by adjudication is interposed against a party to the pending action, based on an adjudication in a prior action to recover for such negligence brought against either the master or servant, the courts, in deciding whether such plea is well taken, regard one important factor to be considered is whether the party in the pending action against whom the plea is interposed had his day in court in the prior action.

Since this is a diversity action, the question of whether Hayles was bound by the adjudication in the Miller action that he was guilty of concurring negligence is to be determined by the law of Oklahoma.

No decision by an Oklahoma court has been cited in the briefs, nor have we found any that is directly in point.

4. Zeligson v. Hartman-Blair, Inc., 10 Cir., 135 F.2d 874.

174

We must, of course, give much weight to the decision of the learned trial judge and the fact that he was formerly a highly regarded practicing lawyer in Oklahoma. However, language of the Supreme Court of Oklahoma in its opinion in the case of Massoth v. Staples, 481 P.2d 141, leads us to conclude that the Supreme Court would hold the trial court erred in sustaining Randall Company's motion to dismiss Hayles's action. Such a holding would be in accord with the great weight of authority in other jurisdictions, the courts of which have passed on the question. See cases cited in note 6, infra.

In the Massoth-Staples case, Staples filed an action against Massoth and her employer, Mercy Hospital, hereinafter referred to as the Hospital. Staples alleged that she suffered injuries growing out of an accident involving two automobiles, one driven by her and one by Massoth, and that Massoth, while acting as the servant of the Hospital, was negligent in the operation of the automobile she was driving and such negligence caused the injuries for which Staples sought recovery. Staples alleged no independent acts of negligence by the Hospital, and her sole basis for recovery against it was that it was liable for Massoth's negligence, under the doctrine of respondeat superior. On the eve of trial, Staples dismissed her action against Massoth. The action was tried against the Hospital and resulted in a verdict and judgment against it and in favor of Staples. Thereafter, Staples brought the action against Massoth.

In its opinion in Massoth v. Staples, the Supreme Court of Oklahoma said:

"We are impressed with the opinion in the case of Marange v. Marshall (Tex.Civ.App.), 402 S.W.2d 236. The facts in the cited case are very similar to the facts in the present case. * * *

"In Marange v. Marshall, supra, the court applied the doctrine of res adjudicata and held that the prior action barred the subsequent action. * * *

"We are of the opinion and hold that the reasoning in Marange v. Marshall, supra, should be followed in this jurisdiction."

Then follows the very significant language of the Supreme Court of Oklahoma, reading: "To hold otherwise would in effect permit the respondent (Staples) *to have two days in court* and would invite a multiplicity of suits." (Italics ours.)

In the Massoth-Staples case, Staples had her day in court in the prior action. Here, the reverse is true. Hayles had not had his day in court in the prior action. Indeed, the record does not disclose that he had knowledge of the pendency of such prior action.

■ Hayles not only was not a party in the prior action, but he was not in privity with Sanders and was not represented therein by Sanders. He was not in privity in the sense that his rights were derived from Sanders. His cause of action was his own. The relation of employer and employee does not confer on the employer any power to represent the employee in litigation.[5]

Hayles has never had his day in court. He has never had an opportunity to defend the allegation that he was negligent.

■ We conclude that Hayles was entitled to litigate in the instant case the issue of his contributory negligence, asserted against him. Our conclusion, we think, is supported by able opinions in the cases cited in note 6 hereto.[6]

5. Pesce v. Brecher, 302 Mass. 211, 19 N.E. 2d 36, 37;
   Adams v. Woodfin, 243 Ark. 348, 419 S.W.2d 796, 797–798.

6. Pesce v. Brecher, 302 Mass. 211, 19 N.E. 2d 36;

Adams v. Woodfin, 243 Ark. 348, 419 S.W.2d 796, 797;

Brown v. Wheeling & L. E. R. Co., 77 Ohio App. 149, 65 N.E.2d 912, 914;
Makariw v. Rinard, 3 Cir., 336 F.2d 333, 336;

The order entered September 23, 1970, sustaining the motion of Randall to dismiss the action is hereby vacated and the cause is remanded to the District Court, with instructions to grant leave to Randall to file an amended complaint, alleging the facts upon which it claims that Hayles is barred by the doctrine of estoppel by adjudication or judgment from denying that he was guilty of negligence, which concurred with the negligence of other persons, and together caused the accident which resulted in injuries to Hayles for which he seeks to recover damages in the instant case;

And with the further instruction that in the event an amended complaint is so filed, it decide the issues raised thereby and by the answer thereto, applying the principles with respect to estoppel by adjudication or judgment laid down, supra, in this opinion.

Shelley v. Gipson, 218 Tenn. 1, 400 S.W. 2d 709, 715;

Hay v. Hildreth, Fla.App., 125 So.2d 772, 773;

Di Carlo v. Scoglio, 317 Mass. 773, 60 N.E.2d 762;

Sherwood v. Huber & H. Motor Express Co., 286 Ky. 775, 151 S.W.2d 1007, 1012, 135 A.L.R. 263.

"A person who is not a party to an action, who is not represented in it and does not participate in it, is entitled to an opportunity to litigate his rights and liabilities." Restatement, Judgments § 96, Comment j.