**FEDERAL INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**GATES LEARJET CORPORATION,**
Defendant-Appellant.

No. 84–1904.

United States Court of Appeals,
Tenth Circuit.

June 30, 1987.
Rehearing Denied Sept. 2, 1987.

**In re Grand Jury Subpoenas served upon Edward KIEFABER, et al.,**

**UNITED STATES of America,**
Appellant,

v.

**94 LTD. and Cash Flo Realty, Appellees.**

No. 84–2135.

United States Court of Appeals,
Ninth Circuit.

July 31, 1987.

Before BROWNING, Chief Judge, TANG, FLETCHER, ALARCON, POOLE, CANBY, BEEZER, HALL, BRUNETTI, THOMPSON and LEAVY, Circuit Judges.

## ORDER

The opinion of the three-judge panel is vacated and the appeal is dismissed as moot.

Stephen P. Kenney, of Lord, Bissell & Brook, Chicago, Ill. (Hugh C. Griffin and Margie L. Petersen of Lord, Bissell & Brook, Chicago, Ill., and Richard C. Hite and Scott J. Gunderson, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, Kan., with him on briefs), for defendant-appellant.

Roger W. Penner, of Dysart, Taylor, Penner & Lay, P.C., Kansas City, Mo. (Robert W. Cotter, of Dysart, Taylor, Penner & Lay, P.C., Kansas City, Mo., and N. Jack Brown, of Boddington & Brown, Kansas City, Kan., with him on briefs), for plaintiff-appellee.

TACHA, Circuit Judge.

This diversity case arises from the crash of a jet manufactured by Gates Learjet Corporation (Gates). The crash resulted in the destruction of the aircraft and the deaths of the five occupants: the owner of

the jet and his wife, a business associate of the owner, the pilot and the co-pilot. Federal Insurance Company (Federal) insured the jet for physical damage and, after paying the insured value to the owner's estate, filed this subrogation action in federal district court in Kansas.

Wrongful death actions were filed against Gates in federal district court in Georgia on behalf of the business associate and in state court in Michigan on behalf of all the occupants of the jet. The wrongful death actions proceeded to trial and the juries returned verdicts for the plaintiffs. The cases were settled pending appeal.

Following the conclusion of the wrongful death actions, Federal moved for partial summary judgment in the present case on the issue of liability. Federal relied on the results of the wrongful death litigation in Georgia and Michigan in claiming that offensive collateral estoppel should prevent Gates from litigating the liability issue in the present case. The district court granted Federal's motion for partial summary judgment, and denied Gates' motion to add a statute of limitations defense. We reverse the district court's grant of partial summary judgment allowing offensive use of collateral estoppel and affirm the district court's denial of the motion to add a statute of limitations defense.

## I.

### A.

■ In granting Federal's motion for partial summary judgment, the district court apparently relied primarily on the Michigan litigation but considered Kansas, California and federal law to determine its collateral estoppel effect. We find that the district court erred in failing to apply Michigan law to determine the collateral estoppel effect of the Michigan litigation. The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires a federal court to apply the law of the state rendering the judgment to determine collateral estoppel effect. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Kremer*

*v. Chemical Constr. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Furthermore, according to the *Marrese* decision, a federal court cannot give greater preclusive effect to a state court judgment than would the state rendering the judgment. 470 U.S. at 380, 105 S.Ct. at 1331; *Kiowa Tribe v. Lewis*, 777 F.2d 587, 590 (10th Cir.1985), *cert. denied*, — U.S. —, 107 S.Ct. 247, 93 L.Ed.2d 171 (1986). Therefore, the district court should have applied Michigan law to determine whether the principle of collateral estoppel could be used to preclude Gates from litigating the liability issue in the present case.

■ Under Michigan law, Federal cannot use collateral estoppel offensively to preclude Gates from litigating the liability issue. Collateral estoppel applies only where there is mutuality of estoppel. *Howell v. Vito's Trucking and Excavating Co.*, 386 Mich. 37, 42–43, 191 N.W.2d 313, 315–16 (1971). Mutuality exists if the party attempting to take advantage of an earlier favorable judgment would have been bound by the judgment had it been adverse. *Id.* A judgment will not bind a non-party except when the non-party is in privity with one who was a party to the first suit. *Id.* Because Federal was not a party to the previous suits, mutuality will exist only if Federal is in privity with a party to those suits.

■ According to Michigan law, a privy is one who after judgment acquires an interest in the subject matter affected by the judgment through a party, as by inheritance, succession, or purchase. *Howell*, 386 Mich. at 43, 191 N.W.2d at 316; *Eliason Corp. v. Bureau of Safety and Regulation*, 564 F.Supp. 1298, 1305 (W.D.Mich. 1983). In the present case, Federal is subrogated to the rights of the jet's owner to the extent of the insured value of the aircraft. However, Federal's status as subrogor does not make Federal a privy of the owner's estate because Federal's interest is different from the subject matter of the Michigan litigation; the owner's wrongful death claim is distinct from Federal's damage claim. Absent privity between Federal and Gates, Federal would not be bound if

the Michigan judgment had gone against the owner. Because the necessary element of mutuality is absent, Federal cannot use collateral estoppel based on the Michigan litigation to prevent Gates from litigating the liability issue in the present case.

### B.

The district court also apparently relied on the Georgia litigation in allowing use of collateral estoppel; the court found that it was fair to apply collateral estoppel because Gates had two opportunities to litigate liability. Because the Georgia suit took place in federal court, our analysis of its preclusive effect differs from the analysis of the effect of the Michigan litigation, which was in state court.

In *Hayles v. Randall Motor Co.*, 455 F.2d 169, 173 (10th Cir.1971), we stated that a federal court sitting in diversity applies state law in determining the collateral estoppel effect of a prior federal court diversity judgment. We note that this statement cannot be regarded as strong authority for this position because the question as to whether state or federal law governs in determining the preclusive effect of the prior judgment was apparently not at issue in *Hayles*. We nevertheless follow this precedent because there are compelling reasons for doing so in this case.[1]

In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court held that substantive rights should not vary depending on whether a state cause of action is litigated in state court or in federal court under diversity jurisdiction. It is not consistent with this mandate for federal courts sitting in diversity to create their own body of law distinguishing them

from state courts. Giving federal district court judgments greater preclusive effect than state court judgments might cause forum-shopping, a concern of the Court in *Erie*. *Id.* at 74–75, 58 S.Ct. at 820. On the other hand, a federal court does have an interest in determining the effect of its own judgments. *See, e.g., Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716–17 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir.1962).

■ We do not announce a broad rule regarding whether state law or federal law should determine the preclusive effect of a federal diversity court judgment. In this case, where the question is whether there is privity between the parties in different diversity suits, a federal court must employ state rules of privity. We agree that "the concept of 'privity' in *res judicata* doctrine reflects a distinctly substantive policy, because privity arises from 'considerations going to stability of legal relationships— not unlike definitions of property.'" *Spiker v. Capitol Milk Producers Coop., Inc.*, 577 F.Supp. 416, 418 (W.D.Va.1983) (quoting Restatement (Second) of Judgments § 87 comment b (1980)); *accord* 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4472 (Supp. 1986) (state law should determine whether there is privity between the parties in federal diversity suits).

■ Thus, in the present case, we apply Georgia law to determine the collateral estoppel effect of the Georgia federal court litigation. Like Michigan, Georgia requires mutuality. *Norris v. Atlanta & West Point R.R. Co.*, 254 Ga. 684, 684, 333 S.E.2d 835, 837 (1985). The jet owner's

---

1. We note that the circuits are split on whether state law or federal law determines the preclusive effect of a federal court diversity judgment. *Compare Answering Service, Inc. v. Egan*, 728 F.2d 1500, 1505–06 (D.C.Cir.1984); *Iowa Elec. Light & Power Co. v. Mobile Aerial Towers, Inc.*, 723 F.2d 50, 52 (8th Cir.1983); *Gasbarra v. Park-Ohio Indus., Inc.*, 655 F.2d 119, 120–22 (7th Cir.1981); *Gambocz v. Yelencsics*, 468 F.2d 837, 841 n. 4 (3d Cir.1972) (state law applies), *with Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir.1984), *cert. denied*, 469 U.S. 1191, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985); *An-*

*swering Service, Inc.*, 728 F.2d at 1506–07 (Scalia, J., concurring in the result); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 831–32 (6th Cir. 1978); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 715–18 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975) (federal law applies). The position of the Second Circuit is uncertain. *See Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 42 n. 3 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987). *See generally* 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4472 (1981 & Supp.1986).

business associate was the only plaintiff in the Georgia litigation. Federal's status as subrogor does not make Federal a privy of the jet owner's business associate because Federal's damage claim is different from the Georgia plaintiff's wrongful death claim. Since Federal was not a party or in privity with the jet owner's business associate, the necessary element of mutuality is absent. Thus, Federal cannot rely on the Georgia litigation in asserting collateral estoppel in the present case.

## II.

 Gates alleges that the district court erred in denying Gates' motion to amend its answer to assert a statute of limitations defense to Federal's express and implied warranty claims. Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Whether to grant leave to amend is within the discretion of the district court, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Triplett v. LeFlore County, Okla.,* 712 F.2d 444, 446–47 (10th Cir.1983), but the district court must give a reason for a refusal. *Id.* If the delay in amending results in prejudice to the opposing party, denial of the motion is justified. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). Furthermore, courts have decided such motions on the basis of the reasons given for the delay. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1488 (1971). Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend. *Evans v. Syracuse City School Dist.,* 704 F.2d 44, 48 (2d Cir.1983); *First Nat'l Bank v. Master Auto Serv. Corp.,* 693 F.2d 308, 314 (4th Cir.1982); *Horn v. Allied Mut. Casualty Co.,* 272 F.2d 76, 80 (10th Cir. 1959).

 In the present case, Gates failed to assert the statute of limitations defense until four years after the complaint was served. Gates contends it did not become aware of the defense until it conducted discovery after answering the complaint. The district court noted that at the time the lawsuit was filed Gates possessed documents from which it could have discovered and asserted the defense. The district court concluded that Gates' delay was unreasonable and that allowing Gates to amend at such a late date would result in undue prejudice to Federal. Under the circumstances of this case, we cannot say that the district court erred in its conclusion. The district court did not abuse its discretion in denying Gates' motion to amend its answer.

The judgment of the district court is affirmed in part, reversed in part, and remanded.