56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 EASTRICH MULTIPLE INVESTOR FUND, L.P., a Delaware
partnership, successor in interest to Resolution Trust
Corporation, Conservator of Merabank Federal Savings Bank,
formerly known As First Federal Savings and Loan
Association, Plaintiff-Appellee,
v.
James A. BURZEE; Phyllis Burzee; Burzee & Griffith
Enterprises, a Florida partnership, Defendants-Appellants,
and
Crawley Brothers Corporation; Jerry L. Crawley; Sue
Crawley, also known as Frances S. Crawley; James L. Daniel;
Helen J. Daniel, also known as Helen J. Brown; John D.
Griffith, Jr.; Cedar Hills Shopping Center; David Rocco,
doing business as Rocco Construction Company; Cres Rivera
Cement Contractor; James Jamison; Darleen Jamison; W.
Harry Woodman; Helen B. Woodman, Defendants.
 No. 94-2147.
D.C. No. CIV 90-208 JC.
 United States Court of Appeals, Tenth Circuit.
 May 30, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that neither oral argument nor principled appellate analysis would materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants James A. Burzee, Phyllis Burzee, "pro se and as partners of Burzee & Griffith Enterprises," appeal the district court's orders granting plaintiff's motion for summary judgment and denying them leave to amend their answer and assert counterclaims. We note at the outset that a partnership cannot be represented in court by a partner appearing pro se. Licht v. America West Airlines (In Re America West Airlines), 40 F.3d 1058, 1059 (9th Cir.1994). We therefore dismiss the partnership Burzee & Griffith Enterprises from this appeal. We have jurisdiction over James and Phyllis Burzee's appeal under 28 U.S.C. 1291. We review a grant of summary judgment de novo, James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994), and denial of leave to amend an answer for abuse of discretion, Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir.1987).
 
 
 3
 Original plaintiff MeraBank brought this action for foreclosure on a note and two mortgages in New Mexico state court. After the state court denied MeraBank's summary judgment motion, appellants moved to amend their answer and assert counterclaims. This motion was pending in the state court when the Resolution Trust Corporation took over MeraBank in its receivership capacity and removed the action to federal court, where the parties renewed their respective motions for summary judgment and to amend.
 
 
 4
 On appeal, the Burzees contend that certain actions by MeraBank that occurred after they defaulted on the note, but prior to RTC's involvement, create disputed issues of material fact making summary judgment improper. These same actions also give rise to their counterclaims for fraud and deceit, negligent and intentional misrepresentation, breach of contract, intentional and negligent infliction of emotional distress, breach of duty of good faith and fair dealing, and prima facie tort. Essentially, they contend that MeraBank misrepresented its intention and breached its agreement to refinance the note. They also contend that because they moved to assert their counterclaims before RTC became involved in this case, their claims should not be barred by the doctrine established in D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942), or by 12 U.S.C. 1823(e).
 
 
 5
 We have reviewed the record and considered the Burzees' arguments and conclude that they have not identified any material factual disputes that make summary judgment improper. In addition, even assuming without deciding that neither the D'Oench doctrine nor 12 U.S.C. 1823(e) preclude their counterclaims, we have considered their contentions and conclude that amendment of their answer would have been futile and that the district court did not abuse its discretion in denying their motion to amend.
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470