Willis Ray TRIPLETT,
Plaintiff-Appellant,

v.

LEFLORE COUNTY, OKLAHOMA,
Defendant-Appellee.

No. 81–1066.

United States Court of Appeals,
Tenth Circuit.

July 18, 1983.

Jon Tom Staton and Clifford K. Cate, Jr., Muskogee, Okl., for plaintiff-appellant.

Ted A. Knight, Asst. Dist. Atty., for LeFlore County, Poteau, Okl. (Terry L. Amend, Dist. Atty. for LeFlore County, Poteau, Okl., was also on brief), for defendant-appellee.

Before BREITENSTEIN, HOLLOWAY and LOGAN, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiff-appellant Willis Ray Triplett (Triplett) commenced this action under 42 U.S.C. § 1983 against LeFlore County, Oklahoma (County), the sole defendant. The complaint alleged that on June 30, 1980, plaintiff Triplett was incarcerated in the LeFlore County jail; he was known by defendant officials to be a former mental patient and to be having mental difficulties at the time; defendant officials assigned a trusty, a former felon, as jailer in charge of Triplett. The complaint stated further that while under control of the jailer and due to his direct acts, Triplett was injured and totally lost his left eye;[1] reckless disregard of Triplett's welfare by defendant officials led to his injury and constitutes a loss of liberty rights without due process as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

---

**1.** In his docketing statement Triplett states that "the jailer had jabbed a broom handle through the bars of the isolation cell and entirely destroyed the left eye of the plaintiff." (Docketing Statement at 1). In its brief in the district court in support of its motion to dismiss at p. 2, the County stated that "[t]he injuries which unfortunately befell the plaintiff were administered by a private person, an inmate of the county jail, just as he was." However, for purposes of a motion to dismiss for failure to state a claim, "the well-pleaded material allegations of the complaint are taken as admitted," 2A Moore's Federal Practice, ¶ 12.08, 2266–67 (1983), and on this appeal we must view the complaint in the same way.

The complaint averred further that such acts constitute cruel and unusual punishment of Triplett by defendant officials that is contrary to the Eighth Amendment to the Constitution of the United States. Recovery was sought for pain and suffering, mental distress and loss of Triplett's eye, punitive damages, medical expenses, and costs and attorney's fees pursuant to 42 U.S.C. § 1988.

The County moved to dismiss, claiming that Triplett had failed to state a claim under § 1983 and that the County was an improper defendant under § 1983. (I R. 3). The district court granted the County's motion to dismiss for failure to state a claim upon which relief could be granted, *see* Rule 12(b)(6) F.R.Civ.P., reasoning that Triplett's complaint alleged no more than a tort action against the trusty and that the complaint neither expressly alleged nor fairly implied that Triplett "was injured as a result of defendant executing a policy of LeFlore County," citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[2]

After the dismissal, Triplett filed a motion to reconsider in which he asked the district court to reconsider its findings, to grant a rehearing as to issues raised in the County's motion to dismiss,[3] to set aside the dismissal of the action, to set the matter for jury trial, and to require the County to answer. (I R. 7). With his motion to reconsider, Triplett filed his "BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF ACTION AND REQUEST FOR LEAVE TO AMEND COMPLAINT." (I Supp. R.) After discussing theories he wished to develop in light of *Monell* and cases applying it, he concluded the brief with a request for leave to amend his complaint. Part IV of Triplett's brief was captioned "IV REQUEST FOR LEAVE TO AMEND".

In his brief Triplett outlines theories which, with amendment of his complaint, he would develop on the policy or custom necessary in order for the County to be liable under § 1983. (I Supp. R. 1–4). *See Monell, supra,* 436 U.S. at 690–91, 98 S.Ct. at 2035–36; *Smith v. City of Oklahoma City,* 696 F.2d 784, 786 (10th Cir.1983); *Wise v. Bravo,* 666 F.2d 1328, 1335 (10th Cir.1981). Furthermore, it is clear from the authorities discussed in his brief, that Triplett recognizes that a local government may not be held liable under *respondeat superior* principles for constitutional wrongs committed by its employees, or simply because it employs a tortfeasor. *Monell, supra,* 436 U.S. at 691, 98 S.Ct. at 2036.

Triplett's brief in the district court on reconsideration and amendment of the com-

---

2. The district court's order reads as follows:
 ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
 Defendant moves to dismiss, alleging that plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff claims that while he was incarcerated at the LeFlore County Jail, a trusty in charge of plaintiff caused him to lose his left eye.
 A motion to dismiss for failure to state a claim cannot be granted unless it appears to a certainty that plaintiffs would be entitled to no relief under any state of facts which could be proved in support of his claim. Moreover, in ruling on the motion, the court must accept plaintiffs' allegations and view them in the light most favorable to the plaintiff. *American Home Assur. Co. v. Cessna Aircraft Co.,* 551 F.2d 804, 808 (10th Cir.1977); *Smart v. Villar,* 547 F.2d 112, 114 (10th Cir. 1976); *Keenan v. Looney,* 227 F.2d 878 (10th Cir.1955).
 A municipality is a proper defendant in a 1983 action only when the execution of government policy by defendant inflicts injury. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 [98 S.Ct. 2018, 56 L.Ed.2d 611] (1978).
 Plaintiff's complaint alleges no more than a tort action against the trusty. Plaintiff's complaint neither expressly alleges nor fairly implies that plaintiff was injured as a result of defendant executing a policy of LeFlore County.
 Viewing plaintiff's complaint in the light most favorable to plaintiff, the court concludes that it is certain that plaintiff can prove no facts in support of his claim which would entitle him to relief.
 Therefore, defendant's motion to dismiss is granted.
 ORDERED this 25th day of November, 1980.

3. The record before us does not indicate that there was a hearing held in regard to the issues raised in the County's motion to dismiss.

plaint cited *Monell, Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Turpin v. Mailet,* 619 F.2d 196 (2d Cir.1980), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475; *Clappier v. Flynn,* 605 F.2d 519 (10th Cir.1979); *Owens v. Haas,* 601 F.2d 1242 (2d Cir.1979), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407; *Harper v. Cserr,* 544 F.2d 1121 (4th Cir.1976); *Goodman v. Parwatikar,* 570 F.2d 801 (8th Cir.1978); and *Edmonds v. Dillin,* 485 F.Supp. 722 (N.D.Ohio 1980), *inter alia.* He argues that the policy or custom of the County was one of omission rather than commission in that the County acted with wanton or reckless disregard of its duties resulting in the violation of Triplett's constitutional rights. He points to cases stating that complete failure of training, failure to reasonably foresee unconstitutional acts, and reckless disregard of violations may establish a claim under § 1983. Triplett concluded his brief below with his request for leave to amend to develop his case.

The district judge made no mention of the request for leave to amend in denying the motion to reconsider and we can only treat the order as implicitly denying leave to amend. (I R. 8). On appeal, Triplett's brief again raises the amendment issue, stating that if there was a technical deficiency in his pleading, his request to amend made to the district court should be granted; that the judgment of dismissal should be reversed and on remand he should be allowed to amend since no answer had been filed when he sought to amend, citing Rule 15, F.R.Civ.P. (Brief of Appellant at 10–11).

 "Rule 15(a)[F.R.Civ.P.] declares that leave to amend 'should be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis,* 371 U.S.

178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).[4] The general rule is, of course, that the grant or denial of leave to amend is within the discretion of the trial court and will not be disturbed, absent an abuse of that discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 & 332, 91 S.Ct. 795, 802, 803, 28 L.Ed.2d 77 (1971); *Polin v. Dun & Bradstreet, Inc.,* 511 F.2d 875, 877 & n. 3 (10th Cir.1975) (collecting cases). In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." 3 Moore's Federal Practice, ¶ 15.10 & n. 2 (1983). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

 In the absence of an apparent reason to refuse leave to amend—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of an amendment, etc.—"the leave sought should, as the rules require, be 'freely given.'" *Foman, supra,* 371 U.S. at 182, 83 S.Ct. at 230; 3 Moore's Federal Practice, ¶ 15.08[4] (1983). Here the record reveals no such reason for the denial of leave to amend and no reason was stated by the court. There had been no prior amendment to the complaint. The request for leave to amend was made within ten days of the order of dismissal. Further we do not believe that granting leave to amend would have resulted in prejudice to the County.

4. Rule 15(a) F.R.Civ.P. provides:

 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading*

*only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (Emphasis added).

Among other things, Triplett's brief in support of his motion to reconsider and his request to amend dealt directly with the requirements for § 1983 actions against local governments as set forth in *Monell*; it discussed the theory of policy statements or decisions by those whose acts may fairly be said to represent official policy and acts which constitute custom, even though such custom has not received formal approval. Reference was made to the reckless disregard by omissions of due process by defendant officials and the assignment of the trusty, alleged by the complaint to have been a former felon, for care of plaintiff who was having mental difficulties, and known by the officials to be a former mental patient. (BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF ACTION AND REQUEST FOR LEAVE TO AMEND COMPLAINT at 2–4, 7) (I Supp. R.). Thus the theories Triplett sought to develop were germane and within the area staked out by *Monell*. We cannot say that Triplett clearly would be unable to allege or prove a claim under § 1983 and the substantive constitutional provisions invoked by him. *See e.g., Owens v. Haas*, 601 F.2d 1242, 1245–47 (2d Cir.1978), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (holding plaintiff should have been allowed limited discovery and opportunity to amend to state a § 1983 claim against County on similar theory of liability for its own acts of gross negligence or deliberate indifference), and cases there cited.

In *Foman*, 371 U.S. at 182, 83 S.Ct. at 230, the Supreme Court stated:

> . . . Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

We can only view the district court's silence, in its final order, on the request for leave to amend as an implicit "outright refusal to grant the leave" and find no justifying reasons for the denial of leave to amend. Without deciding the viability of plaintiff Triplett's § 1983 claim as originally pled, *United Steel Workers of America v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93 (8th Cir.1972), we must reverse the order of dismissal because of the denial of leave to amend, and remand with directions that leave be granted to allow amendment of the complaint and for further proceedings.

IT IS SO ORDERED.