**In re Thomas H. GALLAUDET, III, and Gail H. Gallaudet, Individually and as an Officer, Director or Shareholder of Gallaudet Motors, Inc., a Vermont Corporation, Debtors.**

**FORD MOTOR CREDIT COMPANY, Plaintiff,**

**v.**

**Thomas H. GALLAUDET, III, and Gail H. Gallaudet, Defendants.**

**Bankruptcy No. 83–00183.**
**Adv. No. 84–0002.**

United States Bankruptcy Court, D. Vermont.

June 15, 1984.

Michael Marks, Burlington, Vt., for Ford Motor Credit Company.

Mark L. Sperry, Middlebury, Vt., for debtors.

## MEMORANDUM AND ORDER ON MOTION TO AMEND COMPLAINT

CHARLES J. MARRO, Bankruptcy Judge.

The matter comes before the Court on the Motion of Ford Motor Credit Company (Ford), a secured creditor, to Amend its Complaint to Determine the Dischargeability of a debt. The matter was heard after notice on May 3, 1984. The facts are set forth below.

## FACTS

The Debtors (Gallaudet) filed a joint petition under Chapter 7 of the Bankruptcy Code (Code) on September 23, 1983.

On October 13, 1983, the Court fixed January 16, 1984, as the last day for the filing of complaints to determine the dischargeability of any debt.

On January 13, 1984, Ford timely filed a Complaint to Determine Dischargeability alleging of the Gallaudets fiduciary defalcation and willful injury under Code sections 523(a)(4) and (a)(6).

By way of amendment to the Complaint, filed April 30, 1984, together with a Motion to Amend the Complaint, Ford alleges as a further ground for non-dischargeability that the Gallaudets made materially false financial statements as contemplated by Code section 523(a)(2).

From the records in the case and the representations of counsel at the hearing, it appears that (1) Ford did not receive timely notice as to the first meeting of creditors on November 14, 1983; (2) Ford did not request that such meeting reconvene when subsequently Ford received such notice; (3) until discovery had commenced as to the matters detailed in Ford's Complaint as originally filed, Ford had no actual knowledge of, nor any factual basis at its command, from which to aver with particularity, the matters addressed in the Amendment to the Complaint; and (4) Ford expeditiously sought to amend the Complaint when discovery as to the original allegations produced information from which Ford inferred the matter addressed in the amendment.

## DISCUSSION

The issue is whether Ford may amend the instant complaint after the bar date as to the filing of such complaints, when Ford did not act to reconvene the first meeting of creditors for the purpose of examining the Gallaudets.

The Gallaudets argue that since Ford did not cause the first meeting of creditors to be reconvened to determine the full extent

of grounds, if any, to object to the dischargeability of a debt, Ford should not be now heard to complain that the Gallaudets allegedly made false financial statements on which Ford allegedly reasonably relied.

Ford argues that it timely filed its Complaint and diligently filed the amendment when ground therefor appeared, that the amendment should be allowed to reach the merits of the case, and that it is incidental under the instant facts that Ford did not examine the Gallaudets at the creditors' meeting for the reason that the amendment does not constitute a new cause of action.

■ Allowance of amendments is a matter of the trial court's discretion, and the relevant matters for the trial court to consider are such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and the utility of the amendment. *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078 (2d Cir.1977); *United Assn. of Journeyman and Apprentices of Plumbing and Pipefitting Industry of United States and Canada v. Georgia Power Company*, 684 F.2d 721 (11th Cir. 1982). In general, leave to amend should be freely given to facilitate the determination of claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Triplett v. Leflore County*, 712 F.2d 444 (10th Cir.1983). Unless there is a substantial reason to deny leave to amend, the discretion of the court is not broad enough to permit denial. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir.1981). In any event justification is required for a refusal to grant leave to amend. *Ondis v. Barrows*, 538 F.2d 904 (1st Cir.1976); *J.B. Williams Co. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187 (9th Cir.1975). Federal Courts favor permitting amendments "when justice so requires," *Hayden v. Ford Motor Company*, 497 F.2d 1292 (6th Cir.1974), and have authorized the granting of an amendment even though a claim is presented for the first time on appeal or had not been presented to the trial court in timely fashion, see *Columbia v. Paul N. Howard Co.*, 707 F.2d 338 (8th Cir.1983).

■ The burden of proof on the party opposing the amendment is to show undue prejudice. *Beeck v. Aquaslide 'N' Dive Corporation*, 562 F.2d 537 (8th Cir.1977). The showing must be one of undue prejudice; a showing of mere prejudice is insufficient. *Dussouy v. Gulf Coast Investment Corp.*, supra. The determination as to undue prejudice is made on a case-by-case basis. See *Gardner v. Southern Railway Systems*, 675 F.2d 949 (7th Cir. 1982). In that averments of fraud must be pleaded with particularity, the Second Circuit is inclined to require a strong showing of undue prejudice where an amendment to a complaint speaks to matters constituting fraud, see *Lowenschuss v. Kane*, 520 F.2d 255 (2d Cir.1975); even where documents giving rise to additional theories of fraud were in the hands of the plaintiff for a year prior to the amendment sought, see *American Electric Power Co. v. Westinghouse Electric Corp.*, 418 F.Supp. 435 (Dist.Court N.Y.1976). Whether a new count of fraud requires proof of a different nature than that required under the original complaint goes to whether the amendment "relates back" for substantive statute of limitations purposes rather than to whether the amendment should be allowed. See *Barnes v. Callaghan and Co.*, 559 F.2d 1102 (7th Cir.1977); *United States use of E. & R. Construction Company v. Guy H. James Construction Company*, 390 F.Supp. 1193 (Dist.Tenn.1972) aff'd per curiam 489 F.2d 756 (6th Cir.1974).

■ In the instant case, the Court has no doubt that the amendment should be allowed. The Gallaudets are not unduly prejudiced by the added count under Code section 523(a)(2) for the reason that the timely complaint put them on notice that Ford would contest the dischargeability of their debt in part on the basis of fraud. Under the instant facts, where the movant has not engaged in dilatory tactics, the court is not empowered by case law to parlay the dis-

tinction between fraud as a fiduciary and fraud in the inducement into a basis for denying the amendment. The legal and factual differences between the two genres of fraud is not a substantial reason to preclude full development at trial of the matter alleged in the amendment. Therefore, as there is no evidence of lack of good faith on the part of Ford in bringing the amendment, it is appropriate that the allegations in the amendment be contested on the merits.

### ORDER

Upon the foregoing, IT IS ORDERED:

1. Ford's Motion to Amend its Complaint by alleging facts constituting an additional exception to discharge under § 523(a)(2) of the Bankruptcy Code is GRANTED.

2. The Defendants shall answer the Amended Complaint within 20 days.

3. Discovery as to the Amended Complaint shall be concluded within 30 days.