982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara Martin ELLIOTT, Plaintiff-Appellant,
v.
Fae A. MORELAND, individually and as County Clerk of
Washington County, Oklahoma, Defendant-Appellee.
 No. 92-5010.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1992.
 
 Before BALDOCK, Circuit Judge, and SETH, Senior Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the district court order denying her motion to amend the complaint, under Fed.R.Civ.P. 15(a), one year after that court dismissed all of her causes of action. This court will not disturb the district court's disposition of a motion to amend absent an abuse of discretion. Woolsey v. Marion Lab., Inc., 934 F.2d 1452, 1462 (10th Cir.1991).
 
 
 3
 Plaintiff filed her complaint December 4, 1989. Following service of the complaint, defendant, on January 10, 1990, filed a motion to dismiss. On June 6, 1990, after plaintiff had failed to appear at a scheduling conference and had failed to respond to the motion to dismiss, the district court dismissed all of plaintiff's claims. One year after that dismissal, plaintiff filed her motion for leave to amend her complaint, asserting that she had failed to take any action in the case up until that time due to her attorney's "extreme" workload and conflicting court schedules. The district court denied leave to amend based upon plaintiff's undue delay in asserting the motion. Plaintiff appeals.
 
 
 4
 "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, ..., etc.--the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962); see also Triplett v. Leflore County, 712 F.2d 444, 446 (10th Cir.1983). Nonetheless, "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990). Further, "a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' " First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1133 (10th Cir.1987). Because plaintiff did not file her motion to amend until one year after the district court had dismissed all of her claims, the district court did not err in denying the motion. See, e.g., Woolsey, 934 F.2d at 1462; Las Vegas Ice & Cold Storage Co., 893 F.2d at 1185; First City Bank, 820 F.2d at 1132-33; A.E. v. Mitchell, 724 F.2d 864, 868-69 (10th Cir.1983).
 
 
 5
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3