**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHERWIN V. KOYLE,

Plaintiff - Appellant,

v.

WELLS FARGO BANK
MINNESOTA, as successor by
merger, c/o Wells Fargo Bank, N.A.;
WELLS FARGO BANK NATIONAL
ASSOCIATION,

Defendants - Appellees.

No. 12-4038

(D. Utah)

(D.C. No. 2:11-CV-00446-TS)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Sherwin Koyle appeals the denial by the United States District Court for

the District of Utah of his request for leave to amend his complaint. We have

jurisdiction under 28 U.S.C. § 1291 and affirm. Mr. Koyle neither filed a formal

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion seeking leave to amend nor provided the district court any ground justifying his request.

Mr. Koyle filed suit in state court to prevent the foreclosure of his property. Defendant Wells Fargo Bank, N.A. removed the case to federal district court and then moved to dismiss. About a month after filing an objection to Wells Fargo's motion, Mr. Koyle filed a document titled "MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT." R. at 190. No motion was filed with the memorandum. The body of the document states:

> COMES NOW the Plaintiff, Sherwin V. Koyle, and submits to the Court a Memorandum in Support of Plaintiff's Motion to Amend Plaintiff's Complaint pursuant to Title III, Rule 15, United States Federal Rules of Civil Procedure.
>
> **SUMMARY**
>
> Contained within the Defendant's Motion to Dismiss Plaintiff's Complaint filed with the Court are allegations and statements that Plaintiff has not made clear his case or a claim for relief sought. In order to clarify Plaintiff's allegations and the relief sought from the Court, Plaintiff will need to amend his Complaint.
> Pursuant to Title III, Rule 15, United States Federal Rules of Civil Procedure, Plaintiff is entitled this pleading once as a matter of course with the Court's leave and the Court should freely give leave when justice so requires.
> WHEREFORE, Plaintiff petitions the Court to grant his Motion to Amend Complaint in order to clarify for defense counsel Plaintiff's allegations and the relief being sought from the Court in this action.

*Id.* at 190–91. In response, Wells Fargo argued that the district court should not grant leave to amend because (1) Mr. Koyle had failed to file a proper motion to

amend, (2) his filing had not provided a proper basis for amending the complaint, and (3) any amendment would be untimely.

The district court granted the motion to dismiss but did not address Mr. Koyle's request to amend his complaint. After judgment was entered, Mr. Koyle filed a timely notice of appeal. His brief raises the single issue of whether the district court erred in failing to grant, or even address, his request for leave to amend.

Mr. Koyle never filed a motion to amend. Although the "failure to file a formal motion is not always fatal," *Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999), "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it," *id.* at 1186–87. A motion for reconsideration that includes a section titled "REQUEST FOR LEAVE TO AMEND" and that discusses the theories to be developed in the amended complaint is sufficient. *Triplett v. Leflore Cnty.*, 712 F.2d 444, 445–46 (10th Cir. 1983). But a brief request, made in opposition to a motion to dismiss, that neither describes nor gives grounds for amendment does not satisfy this standard. *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010); *Calderon*, 181 F.3d at 1185–87; *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370–71 (10th Cir. 1989).

Here, the district court had no obligation to recognize Mr. Koyle's memorandum as a motion for leave to amend. Although the memorandum stated that Mr. Koyle needed to clarify his allegations, it did not specify in what way his current allegations were unclear or how he planned to clarify them.

Mr. Koyle's reply brief in this court asserts that he did file a formal motion to amend his complaint. But his claim directly contradicts the record. The district court's docket explicitly recites that no motion was filed at the time Mr. Koyle filed his memorandum. Moreover, he had ample time to notify the court of any filing error. Almost seven months passed between Wells Fargo's response to Mr. Koyle's request for leave to amend—a response that clearly alleged that no motion had been filed—and the district court's order dismissing the case. Even though he filed several pleadings during that time, Mr. Koyle never responded to Wells Fargo's allegation.

In short, Mr. Koyle did not file a pleading that the district court was required to recognize as a motion to amend. The court's failure to rule on or address the purported motion was therefore not error.

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-