FILED
United States Court of Appeals
Tenth Circuit

January 12, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JERRY GOSS,

     Plaintiff - Appellant,

v.

KELLY CATHEY, an individual;
OKLAHOMA HORSE RACING
COMMISSION,

     Defendants - Appellees.

No. 20-5031
(D.C. No. 4:18-CV-00304-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Jerry Goss appeals from the district court's denial of his post-judgment motion seeking to reopen his case to amend his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

After the appellees terminated Mr. Goss's employment as a horse-racing steward, he brought suit in Oklahoma state court under 42 U.S.C. § 1983 and state law. The appellees removed the action to federal court and moved to dismiss under Fed. R. Civ. P. 12(b)(6). Mr. Goss responded that his allegations adequately pleaded both his federal and state claims. Identifying certain deficiencies in the pleading of the federal claims, the district court dismissed those claims under Rule 12(b)(6) and declined to exercise supplemental jurisdiction over the state claims.

Mr. Goss then filed a post-judgment motion under Fed. R. Civ. P. 59(e) and 60(b). Noting that the case originally was filed in state court, he asserted, "Now that heightened federal pleading standards apply, basic fairness tilts in favor of this Court granting leave to amend." Aplt. App. at 87. Although he claimed he could remedy the deficiencies the court had noted, he identified no new facts or law that he would include in an amended complaint. The defendants-appellees opposed reopening, arguing that amendment would be futile because Mr. Goss's § 1983 claims fail as a matter of law. The district court denied the post-judgment motion in a minute order, without explanation.

## DISCUSSION

Mr. Goss appeals only from the district court's denial of his post-judgment motion. We review the denial of a Rule 59(e) or a Rule 60(b) motion for abuse of discretion, *see Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir.

2

2013), which also is the standard of review for a denial of leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).[1]

Mr. Goss argues that denying leave to amend without giving any reason or justification is itself an abuse of discretion. *See id.* ("[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *Triplett v. LeFlore Cty.*, 712 F.2d 444, 447 (10th Cir. 1983) (applying *Foman* in the context of a request to amend contained within a motion to reconsider a Rule 12(b)(6) dismissal). But while acknowledging this general rule, this court also has held that a failure to explain a denial of leave to amend "can be harmless error where the reason is apparent." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotation marks omitted). The appellees suggest that apparent reasons include undue delay, lack of justification, and futility.

We are persuaded that the district court's failure to explain why it denied the post-judgment motion was harmless error. The motion baldly asserted that Mr. Goss could remedy the deficiencies the court had identified. It did not discuss any specific new facts or law that he would cite and did not attach a proposed amended complaint.

---

[1] Technically, the district court did not deny a motion for leave to amend; it denied a post-judgment motion under Rule 59(e) and/or Rule 60(b). The parties' arguments treat the motion effectively as one for leave to amend, however, as this court did in similar circumstances in *Triplett v. LeFlore County*, 712 F.2d 444, 445-47 (10th Cir. 1983). We therefore analyze the district court's disposition in this light.

It therefore gave the district court no grounds to evaluate the propriety of allowing amendment. "[W]e do not require district courts to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (internal quotation marks omitted); *see also Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1300 (10th Cir. 2002) ("[H]aving produced no showing of how it would properly amend its pleadings or how newly discovered evidence warranted relief from dismissal, [the plaintiff] remains bound by the record it created."). Mr. Goss's failure to identify any specifics distinguishes this case from *Triplett*, in which the motion to reconsider explicitly identified and discussed proposed theories of recovery that that were within the bounds of established law. *See Triplett*, 712 F.2d at 447; *see also Calderon*, 181 F.3d at 1186 (recognizing that the post-judgment motion in *Triplett* demonstrated "the particular grounds for the amendment").

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge